IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GROOVE DIGITAL, INC.,

    Plaintiff,

v.

JAM CITY, INC.,

    Defendant.

Civil Action No. 1:18-cv-01331-RGA

**MEMORANDUM**

Karen L. Pascale, Robert M. Vrana, YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, DE; Brian S. Seal (argued), Thomas G. Southard, BUTZEL LONG, PC, Washington, D.C.

    Attorneys for Plaintiff.

Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Stephen R. Smith (argued), Samuel K. Whitt (argued), COOLEY LLP, Washington, D.C.

    Attorneys for Defendant.

January 29, 2019

*signature: Richard G. Andrews*

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before me is Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to Plead a Plausible Claim of Patent Infringement and for Lack of Patent-Eligible Subject Matter. (D.I. 10). The Parties have briefed the issues. (D.I. 11, 13, 14). I heard oral argument on January 23, 2019. For the reasons set out below, Defendant's motion is **DENIED**.

Plaintiff filed its Complaint on August 27, 2018. (D.I. 1). It alleges Defendant's *Cookie Jam*, *Family Guy: Another Freakin' Mobile Game*, and *Harry Potter: Hogwarts Mystery* games ("Accused Products") infringe one or more claims of U.S. Patent No. 9,454,762 ("'762 Patent"). (*Id.* at ¶ 3). Specifically, Plaintiff alleges that Defendant directly, indirectly, jointly, and willfully infringes the Patent. (*Id.* at ¶¶ 12-25).

The '762 Patent covers a "system and method for delivering and serving local content and advertisements to an end user on a network, including wired and wireless networks." ('762 Patent at 1:13-16). Claim 1 is representative:

> 1. A system for delivering information to a networked device of a user, the system comprising:
> a microprocessor running a software application for delivering an applet application to the networked device and managing the delivery of the applet application to the networked device, wherein the applet application passively deploys one or more applets at a time of deployment,
> wherein the applet application provides for delivery of content to the networked device and a display of the content in a predetermined portion of a user display that is less than an entire display of the networked device, by the one or more applets, wherein the one or more applet is configured to deploy at least one of independent of or in conjunction with an internet browser window, wherein an internet browser is configured to deploy subsequent to deployment of the one or more applets based on at least one action or inaction of the user, wherein at least one of the applets is configured to become idle upon deployment of the internet browser, and wherein the deployment of the one or more applets is such that at the time of deployment of the one or more applets the user can continue to operate the networked device in a state prior to the deployment of the one or more applets;

2

> a first database coupled to the microprocessor and storing a first set of information relating to the user; and
>
> a second database coupled to the microprocessor and including a second set of information for comparison to the first set of information,
>
> wherein the microprocessor compares the first set of information to the second set of information to determine whether the content should be transmitted to the networked device for display by the one or more applets.

('762 Patent, claim 1).

## I. LEGAL STANDARD

### a. 12(b)(6) Motion to Dismiss

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

### b. 35 U.S.C. § 101 Patent Eligible Subject Matter

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or

composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court recognizes three categories of subject matter that are not eligible for patents—laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). The purpose of these exceptions is to protect the "basic tools of scientific and technological work." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Id.* at 1293-94 (internal quotation marks and emphasis omitted). In order "to transform an unpatentable law of nature into a patent-eligible application of such a law, one must do more than simply state the law of nature while adding the words 'apply it.'" *Id.* at 1294 (emphasis omitted).

In *Alice*, the Supreme Court reaffirmed the framework laid out in *Mayo* "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." 134 S. Ct. at 2355. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* If the answer is yes, the court must look to "the elements of the claim both individually and as an 'ordered combination'" to see if there is an "'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original). "A claim that recites an abstract idea must include 'additional features' to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *Id.* at 2357. Further, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit

4

the use of [the idea] to a particular technological environment." *Id.* at 2358 (quoting *Bilski v. Kappos*, 561 U.S. 593, 610-11 (2010)). Thus, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.*

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski*, 561 U.S. at 602. Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 2621 (2018). In those situations, claim construction is not required to conduct a Section 101 analysis. *Genetic Techs. Ltd. v. Merial LLC.*, 818 F.3d 1369, 1374 (Fed. Cir. 2016) ("[C]laim construction is not an inviolable prerequisite to a validity determination under § 101.") (brackets in original, internal citations and quotations omitted). Moreover, the Federal Circuit has held that the district court is not required to individually address claims not asserted or identified by the non-moving party, so long as the court identifies a representative claim and "all the claims are substantially similar and linked to the same abstract idea." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (internal quotation marks omitted).

## II. DISCUSSION

Defendant seeks dismissal of the Complaint on two grounds, it argues: (A) the claims of the '762 Patent cover patent ineligible subject matter and (B) Plaintiff's allegations of direct infringement, joint infringement, indirect infringement, and willful infringement fail to state a claim which is sufficient to comply with Rule 8(a). For the reasons set out below, I will deny Defendant's motion.

5

*A. Patent Eligible Subject Matter*

I am not convinced, at this point in the case, that the claims of the '762 Patent cover patent ineligible subject matter. For that reason, I will deny Defendant's motion to dismiss based on Section 101.

Defendant begins its *Alice* step one analysis by arguing that the '762 Patent's claims are directed to the abstract idea of "controlling the presentation of information on a display screen with varying levels of obtrusiveness." (D.I 11 at 3). It augments its proposed abstract idea in its reply brief: "the abstract idea of generic applet-based delivery and display of advertising information at varying levels of obtrusiveness on a display screen". (D.I. 14 at 6). After a review of the claims and the specification, I am not persuaded by either of Defendant's proposed abstract ideas. Defendant's first proposed abstract idea does not satisfactorily capture the substance of the claims. The specification appears to me to have much more to do with the delivery of information than the presentation of information. Defendant's second proposed abstract idea includes advertising, which similarly does not reflect the claims. The proposed abstract ideas also incorporate a display screen and an applet—two seemingly concrete concepts.

Accordingly, I am not prepared to adopt either of Defendant's proposed abstract ideas to decide a Section 101 challenge. I am not, however, closed to the possibility that the '762 Patent claims patent ineligible subject matter. Given a different abstract idea, I may have some questions about inventive concept. Therefore, I will deny the motion without prejudice to Defendant raising the Section 101 issue again on summary judgment.

B. *Sufficiency of the Claims*

1. Direct Infringement

The Complaint adequately alleges direct infringement. To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.* In the Complaint, Plaintiff identifies specific Accused Products which it alleges directly infringe the claims of the '762 Patent. (D.I. 1 at ¶¶ 3, 13). "[It] describes the overall purpose of the invention and describes the elements of the claims, including the claimed use of push notifications to deliver browser-independent content to a networked device." (D.I. 13 at 17). In the infringement count specifically, Plaintiff identifies the Accused Products, identifies the asserted claims, and explains the basis of the infringement allegation. (*See* D.I. 1 at ¶¶ 13-16). Those allegations, when read with the rest of the Complaint, sufficiently describe how Defendant's Accused Products allegedly infringe the claims.[1]

2. Joint Infringement

"In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability." *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534 (D. Del. 2011). Plaintiff alleges that Jam City acted jointly with their customers: "Jam City induces continued infringement by at least *encouraging and instructing game players to perform some or all of the claimed steps*, while in certain instances *performing certain of the steps itself* in coordination with such performance by game players." (D.I. 1 at ¶ 22 (emphasis added)). This

---

[1] Defendant argues that Plaintiff should have included more detailed infringement contentions (D.I. 11 at 14-15). That level of specificity may be helpful at the pleading stage, but it is not what Rule 8 requires.

7

is sufficient to permit a reasonable inference that Plaintiff has a "plausible claim for relief" with respect to its claim for joint infringement. *See Iqbal*, 556 U.S. 678-79. Thus, I will deny Defendant's request that I dismiss this claim.

3. Induced Infringement

The Complaint plausibly states a claim for induced infringement. Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possesses specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). Pre-suit knowledge is not required to plead a claim of induced infringement. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012). To plausibly plead intent, a complaint must contain facts "showing that [the alleged indirect infringer] specifically intended [the direct infringers] to infringe [the patent]." *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Plaintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability. Moreover, the Complaint contains sufficient factual allegations to support an inference of specific intent. (*See e.g.*, D.I. 1 at ¶ 21 ("Jam City encourages continued direct infringement of the . . . claims of the '762 Patent by at least widely publicizing its Accused Products and providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.")). Thus, Plaintiff's allegations are sufficient to support a claim of induced infringement.

4. Contributory Infringement

The Complaint plausibly states a claim for contributory infringement. A plaintiff sufficiently pleads contributory infringement when it asserts that a defendant: "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) [others] directly infringed." *Walker Digital, LLC*, 852 F. Supp. 2d at 567. Plaintiff's allegation of contributory infringement reads:

> Jam City contributes to direct infringement of the asserted claims of the '762 Patent by *providing game players with the necessary software* and instructions to operate the Accused Products, including the downloading of applet applications for the delivery and display of browser-independent content. The software and instructions are not staple articles of commerce and have *no substantial non-infringing uses*. They are specifically designed to work with the Accused Products and their *only purpose is to operate in a manner that directly infringes* the asserted claims of the '762 Patent.

(D.I. 1 at ¶ 24 (emphasis added)). This clearly alleges each of the unique components of a contributory infringement claim. Moreover, knowledge of the patent and of infringing use are sufficiently established via the filing of the complaint. Thus, when read in combination with the rest of the Complaint, this claim is sufficient.

5. Willful Infringement

The Complaint sufficiently states a claim for willful infringement. "[T]o state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *10-12 (D. Del. May 29, 2018) (discussing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1282 (Fed. Cir. 2017), *cert. dismissed*, No. 17-804, 2018 WL 3978434 (U.S. Aug. 17, 2018)). The complaint alleges that Jam City "monitors patent litigation against its

9

competitors" and has therefore been aware of the '762 Patent since Plaintiff filed suit against King.com on June 4, 2018. (D.I. 1 at ¶ 19). That allegation is not implausible and, if true, would support a claim of willful infringement. Thus, I will deny Defendant's motion to dismiss Plaintiff's willful infringement claims.

### III.  CONCLUSION

I am not prepared to invalidate the '762 Patent on Section 101 grounds at this time and Plaintiff has sufficiently pled its claims. Therefore, I will deny Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to Plead a Plausible Claim of Patent Infringement and for Lack of Patent-Eligible Subject Matter. (D.I. 10).

Entered this  29  day of January 2019.